UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

RAMON DELAROSA,

                              Plaintiff,                    **MEMORANDUM & ORDER**
                                                                           14-CV-737 (MKB)

                        v.

JUDGE TOKO SERITA, ATTORNEY
CHRISTOPHER WHITEHAIR and ASSISTANT
DISTRICT ATTORNEY ALISON ANDREWS,

                              Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Ramon Delarosa, proceeding *pro se* and currently incarcerated at Mid-State Correctional Facility, brings this Complaint pursuant to 42 U.S.C. § 1983, alleging deprivation of "due process of law," and violation of 18 U.S.C §§ 241 and 242 against Defendants Toko Serita, Christopher Whitehair and Alison Andrews. (Docket Entry No. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismisses the Complaint for failure to state a claim upon which relief may be granted.

**I. Background**

Plaintiff alleges that on or about December 17, 2009, he was arraigned in Queens County Criminal Court on an "illegal indictment." (Compl. 4–5.) Plaintiff further alleges that he was denied his right to a speedy trial and "coerced' into taking a plea, and, because he did not understand English and required a translator, he was deprived of "due process of law" during his arraignment. (*Id*. at 5.) Although unclear, Plaintiff appears to allege a conspiracy among Defendants to deprive him of his right to a speedy trial. (*Id*.) Plaintiff seeks to have his judgment in the state criminal action dismissed and an award of monetary damages. (*Id*. at 8.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the Complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

### a. Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242

Plaintiff alleges claims pursuant to 18 U.S.C. §§ 241 and 242, which are provisions of the criminal code that prohibit the deprivation of a person's civil or Constitutional rights. *See* 18 U.S.C. § 241 (prohibiting two or more individuals from acting in concert to deprive another of his or her Constitutional rights); 18 U.S.C. § 242 (prohibiting an individual from acting under color of state law to deprive another of his or her civil or constitutional rights). However, there exists no private right of action to enforce these criminal statutes, which, as a general matter, are prosecuted by the government and not by private individuals. *See Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) (no private right of action under 18 U.S.C. § 241 or § 242 (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) and *Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987))); *Weinstein v. City of New York*, No. 13-CV-06301, 2014 WL 1378129, at *4 (S.D.N.Y. Apr. 8, 2014) ("Violations of the Criminal Code do not provide a basis for a civil cause of action, unless the particular provision in question includes an express or implied private right of action."). Therefore, Plaintiff's claims brought pursuant to 18 U.S.C. §§ 241 and 242 are dismissed for failure to state a claim upon which relief may be granted.

### b. Plaintiff's § 1983 claim

Plaintiff seeks damages for violation of his constitutional rights pursuant to 42 U.S.C. § 1983. In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent

substantive right, but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

As an initial matter, the Court notes that to the extent that Plaintiff seeks to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *See Wallace v. Kato*, 549 U.S. 384, 392 (2007) ("Congress . . . has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." (citation and internal quotation marks omitted)).

In addition, Plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Poventud v. City of New* York, --- F.3d ---, ---, 2014 WL 182313, at *4 (2d Cir. Jan. 16, 2014). Here, Plaintiff has not alleged that his conviction or sentence was reversed or invalidated as provided by Supreme Court case law. Therefore, to the extent Plaintiff seeks damages for his current incarceration, his claim must be dismissed.[1]

### i. Defendant Whitehair

Plaintiff's claim against Whitehair, who is alleged to have been his defense attorney in the underlying criminal matter, cannot survive as a matter of law because of a lack of state action. It is well established that court-appointed attorneys, including attorneys associated with a

---

[1] The Court notes that Plaintiff recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Petition, *Delarosa v. Colvin*, No. 14-CV-227 (E.D.N.Y. January 13, 2014).

legal aid organization, do not act under color of state law when performing traditional functions of counsel. *Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) ("[A] court-appointed criminal defense attorney does not act under color of state law when representing a client . . . ." (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997))); *Krug v. McNally*, 488 F. Supp. 2d 198, 200 (N.D.N.Y. Feb. 8, 2007) ("[D]efense attorneys — even if court-appointed or public defenders — do not act under color of State law when performing traditional functions of counsel."). Similarly, public defenders, including Legal Aid attorneys, court-appointed counsel and private attorneys do not act under the color of state law merely by virtue of their position. *See Brown v. Legal Aid Soc.*, 367 F. App'x 215, 216 (2d Cir. 2010) ("A 'public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" (quoting *Polk Cnty.*, 454 U.S. at 325)); *McCloud v. Jackson*, 4 F. App'x. 7, 9–10 (2d Cir. 2001) ("To the extent that [the defense attorney] may have served as privately-retained counsel, rather than as a court-appointed attorney, he still could not be held liable under § 1983 because there was no showing that he worked with state officials to deprive [the plaintiff] of federal rights."); *see also Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) ("It is well established that private attorneys — even if the attorney was court appointed — are not state actors for the purposes of § 1983 claims." (citing *Rodriguez*, 116 F.3d at 65–66)); *Shorter v. Rice*, No 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position"). Plaintiff's claim against Whitehair fails to state a claim upon which relief may be

5

granted because Plaintiff cannot assert a plausible § 1983 claim against his attorney. *See* 28 U.S.C. § 1915(e)(2)(B).

### ii. Defendants Judge Serita and Assistant District Attorney Alison Andrews

Plaintiff's claims against Judge Serita must be dismissed as judges have absolute immunity for acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 13 (citation omitted); *Basile v. Connolly*, 513 F. App'x 92, 93–94 (2d Cir. 2013) (same); *Spiteri v. Russo*, No. 12-CV-2780, 2013 WL 4806960, at *14 (E.D.N.Y. Sept. 7, 2013) (same).

In addition, Plaintiff's claim against Assistant District Attorney Andrews must be dismissed because prosecutors performing duties related to their prosecutorial function are protected by absolute immunity. *See Burns v. Reed*, 500 U.S. 478, 486 (1991) ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." (internal quotation marks and citation omitted)); *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (holding that a prosecutor acting "within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983"); *see also Santulli v. Russello*, 519 F. App'x 706, 711 (2d Cir. 2013) ("It is well settled that a prosecutor is entitled to absolute immunity for acts undertaken pursuant to her traditional function as an advocate in the prosecutorial process."); *Bankhead v. Chu*, No. 10-CV-510, 2010 WL 935371, at *2 (E.D.N.Y. Mar. 11, 2010) (dismissing claim for monetary damages against an assistant district attorney in charge of the plaintiff's criminal case, based on absolute immunity).

### iii. Plaintiff's conspiracy claim

Plaintiff argues that Defendants conspired to have him waive his constitutional and statutory right to a speedy trial. In order to state a § 1983 conspiracy claim a plaintiff must allege: "(1) an agreement between two or more state actors or an agreement between a state actor and private party; (2) concerted acts to inflict an unconstitutional injury; and (3) an overt act done in furtherance of the goal of causing damages." *Coggins v. Cnty. of Nassau*, --- F. Supp. 2d ---, ---, 2013 WL 6224631, at *9 (E.D.N.Y. Dec. 2, 2013) (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002)); *Sclafani v. Spitzer*, 734 F. Supp. 2d 288, 297 (E.D.N.Y. 2010) (same). A claim of conspiracy to deprive Plaintiff of his constitutional rights cannot stand where the state actors in question have absolute immunity. *See Carvel v. New York*, 369 F. App'x 269, 270 (2d Cir. 2010) (recognizing that state court Justice "enjoys the benefit of absolute judicial immunity" from plaintiff's claim of conspiracy under § 1983); *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) ("[S]ince absolute immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate, when the underlying activity at issue is covered by absolute immunity, the plaintiff derives no benefit from alleging a conspiracy." (alteration, citation and internal quotation marks omitted)); *Swinton v. City of New York*, 785 F. Supp. 2d 3, 9 (E.D.N.Y. 2011) (finding that "the § 1983 conspiracy claims against the [assistant District Attorneys] cannot survive, as 'even a conspiracy among prosecutors is shielded by absolute immunity.'" (citing *Pinaud*, 52 F.3d at 1148)). Without any state actors with whom Whitehair could have conspired to deprive Plaintiff of his Constitutional rights, Plaintiff fails to state a claim of conspiracy pursuant to § 1983.

However, even if any of the state actors could be properly named as Defendants in a conspiracy claim, Plaintiff's conclusory allegations that Defendants conspired against him,

without any factual assertions to support the claim, are insufficient to state a plausible conspiracy claim. *See Ciambriello*, 292 F.3d at 325 (dismissing § 1983 conspiracy claim where allegations in the complaint were "strictly conclusory," lacked any "details of time and place," and the Plaintiff "failed to specify in detail the factual basis necessary to enable defendants intelligently to prepare their defense" (alteration, citation and internal quotation marks omitted)); *Argro v. Osborne*, No. 12-CV-910, 2013 WL 869393, at *7 (N.D.N.Y. Mar. 6, 2013) ("In the absence of any facts indicating a meeting of the minds or agreement between [defendants], Argro's allegation of 'conspiracy' is conclusory and fails to state a claim of conspiracy to violate her constitutional rights under section 1983.") Plaintiff's claim of conspiracy pursuant to § 1983 is therefore dismissed for failure to state a claim.

### c. Leave to Amend

While ordinarily the Court would allow Plaintiff an opportunity to amend his Complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from Plaintiff's submissions that there is no possibility of a plausible § 1983 claim against these Defendants. Therefore, any attempt to amend the Complaint would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

### III. Conclusion

Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A; § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma*

*pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

　　　s/MKB　　　　
MARGO K. BRODIE
United States District Judge

Dated: April 28, 2014
　　　　Brooklyn, New York